UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| COMMERCE & INDUSTRY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| PREFERRED TANK & TOWER, INC.; PREFERRED TANK & TOWER MAINTENANCE DIVISION, INC.; PREFERRED TANK & TOWER MAINTENANCE DIVISION, INCORPORATED, | ) ) ) ) ) ) ) | 3:13-cv-00010-RLY-WGH |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT PREFERRED TANK & TOWER MAINTENANCE DIVISION, INC.**

**I.     Introduction**

Plaintiff, Commerce & Industry Insurance Company, issued four workers' compensation insurance policies, covering a span of approximately three and one-half years, to Preferred Tank & Tower, Inc. ("PTT") and Preferred Tank & Tower Maintenance Division, Inc. ("PTTMD"). Plaintiff alleges that PTT and PTTMD breached the terms of the policies by failing to pay the insurance premiums when due, and seeks damages in excess of three million dollars for breach of contract, or, in the alternative, unjust enrichment.

1

In its Answer to Plaintiff's Amended Complaint, PTTMD counterclaimed, alleging that the parties had an agreement with respect to Policy WC 1606559, whereby PTTMD would pay Plaintiff the sum of $155,482.00 in twelve monthly installments of $12,956.00. In support of its contention, PTTMD designated a promissory note dated November 13, 2012, outlining its promise to pay the Policy premiums by way of regular payments that would begin on December 10, 2012. PTTMD alleges that Plaintiff accepted installments for December 2012, January 2013, February 2013, and April 2013. From these same facts, PTTMD also asserted three affirmative defenses: (1) accord and satisfaction, (2) promissory estoppel, and (3) unclean hands.

Plaintiff moved to dismiss PTTMD's counterclaim based on a letter, dated November 21, 2012, that was sent by Plaintiff's representative to PTTMD. The letter allegedly establishes that Plaintiff rejected PTTMD's offer to make installment payments on the policy in lieu of a lump sum. The letter specifically provides:

> Please be advised that we are unable at this time to finalize an installment plan for policy WC 1606559 for $155,482.00. It has come to our attention that there are related policies that remain unpaid. For this reason, we cannot offer an installment plan.

In an Order dated August 2, 2013, the court denied Plaintiff's motion to dismiss PTTMD's counterclaim in part, ruling that PTTMD had successfully alleged that Plaintiff accepted four installment payments after the correspondence from Plaintiff set forth above. Additionally, the court granted the motion to dismiss in part, finding the counterclaim should have been asserted as an affirmative defense of payment. On August 14, 2013, PTTMD filed an Amended Answer reflecting the same.

2

This matter now comes before the court on Plaintiff's motion to strike PTTMD's affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f). At the time this motion was filed, PTTMD had not filed the August 14, 2013, Amended Answer. Thus, PTTMD's Answer asserted three, and not four, affirmative defenses. Because PTTMD's Answer and Amended Answer differ only in only one limited respect – PTTMD's counterclaim in its Answer is asserted in its Amended Answer as a fourth affirmative defense of partial payment – the court finds ruling on the present motion to strike would not prejudice either party. Accordingly, and for the reasons set forth below, the court **GRANTS in part** and **DENIES in part** Plaintiff's motion to strike the affirmative defenses of (1) accord and satisfaction, (2) promissory estoppel, and (3) unclean hands.

## II.    Legal Standard

Rule 12(f) authorizes the court, on its own motion or on motion from any of the parties, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). In *Heller Financial, Inc. v. Midwhey Powder Co.*, the Seventh Circuit emphasized that affirmative defenses are pleadings, and, as such, must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." 883 F.2d 1286, 1294 (7th Cir. 1989); FED. R. CIV. P. 8(a)(2). Notably though, this court has held that the more stringent pleading standards established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) do not apply to affirmative defenses. *J & J Sports Prods. v. Munoz*, No. 1:10-cv-1563, 2011 U.S. Dist. LEXIS 77373, at *3 (S.D. Ind. July 15, 2011).

Motions to strike are generally disfavored as potential dilatory tactics. *Heller*, 883 F.2d at 1294. *See also Parker v. Rockies Express Pipeline LLC*, No. 1:11-cv-0139, 2012 U.S. Dist. LEXIS 144289, at *8 (S.D. Ind. Oct. 5, 2012). ("[M]otions to strike are disfavored [] because they are not always a good use of the time it takes to file and rule upon them. Often, that which a party wants stricken is harmless."). However, when "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller*, 883 F.2d at 1294. The Seventh Circuit set forth the standard for a motion to strike affirmative defenses:

> Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Motions to strike . . . will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings.

*Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations and quotation marks omitted). The *Heller* court added that affirmative defenses that "are nothing but bare bones conclusory allegations" or "fail[] totally to allege the necessary elements of the alleged claims" are "meritless," and should be stricken. 883 F.2d at 1295.

**III.  Discussion**

Plaintiff first argues that each of PTTMD's defenses are premised on the assumption that the agreement asserted in PTTMD's counterclaim, whereby Plaintiff agreed to accept monthly installment payments in lieu of the full amount due, is enforceable. Plaintiff claims that the November 21, 2012, letter effectively refutes the

existence of any such agreement.  Accordingly, the three affirmative defenses should be stricken.

The court rejects this argument because, in essence, Plaintiff has merely demonstrated that it has evidence it will use as a defense to PTTMD's counterclaim. Plaintiff's November 21, 2012, letter stands in direct conflict with PTTMD's November 13, 2012, Promissory Note and the installment payments that Plaintiff allegedly accepted in December 2012, January 2013, February 2013, and April 2013.  Conflicting evidence does not warrant the striking of PTTMD's affirmative defenses.  Rather, this creates a genuine dispute of fact that is more properly resolved following discovery.

Plaintiff subsequently argues that PTTMD cannot satisfy the required elements of each of its affirmative defenses.  The court first considers the affirmative defense of accord and satisfaction.  Under Indiana law, a party asserting this defense must establish: "(1) there is a good faith dispute, (2) the disputed sum is unliquidated, (3) there is consideration, (4) the parties had a meeting of the minds with the intent to settle the dispute, and (5) the contract was performed." *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 450 (7th Cir. 2004) (quoting *Sedona Dev. Group, Inc. v. Merrillville Rd., LP*, 801 N.E.2d 1274, 1278 n.1 (Ind. Ct. App. 2004)).

Assuming without deciding that PTTMD could satisfy the first four elements, it cannot satisfy the fifth.  As PTTMD's own pleadings make clear, the alleged accord has not been fully performed.  PTTMD pleads that it paid four out of the twelve monthly installments, thereby leaving seven remaining payments.  The affirmative defense is legally insufficient because PTTMD can offer no facts, either now or after discovery, that

5

establish satisfaction of the alleged accord.  Accordingly, with respect to PTTMD's first affirmative defense of accord and satisfaction, the court **GRANTS** Plaintiff's motion to strike.

The court now turns to PTTMD's second affirmative defense of estoppel.  The Indiana Supreme Court determined that the doctrine of promissory estoppel requires a showing of five elements: "(1) a promise by the promissor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise."  *Brown v. Branch,* 758 N.E.2d 48, 52 (Ind. 2001).  The *Brown* court summarized the doctrine by concluding, "[O]ne who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other."  *Id.* (citing 31 C.J.S. Estoppel and Waiver § 2 (1996)).

Plaintiff's arguments as to the elements of estoppel are nothing more than a reframing of its overarching contention that there was no agreement to allow PTTMD to make monthly installments in lieu of paying a lump sum.  Thus, Plaintiff has merely demonstrated, once again, that there is an issue of fact that is best adjudicated following discovery.  PTTMD's affirmative defense of estoppel sets forth a short and plain statement of the defense and is not insufficient on its face.  Accordingly, the court **DENIES** Plaintiff's motion to strike with respect to this defense.

PTTMD's third, and final, affirmative defense of unclean hands is founded upon the principle that "he who comes into equity must come with clean hands."  *Wedgewood*

*Cmty. Ass'n v. Nash*, 781 N.E.2d 1172, 1178 (Ind. Ct. App. 2003). This doctrine, which is not favored by courts, only applies when the wrongful conduct is both intentional and has an "immediate and necessary relation to the matter before the court." *Id.*

Plaintiff argues that it has not engaged in any misconduct, much less intentional misconduct. However, Plaintiff fails to show "to a certainty that [it] would succeed despite any state of the facts which could be proved in support of the defense." *Williams*, 944 F.2d at 1400. Thus, PTTMD's third affirmative defense of unclean hands is sufficient under the *Williams*' standard. Accordingly, the court **DENIES** Plaintiff's motion to strike with respect to this defense.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's motion to strike affirmative defenses (Docket # 41) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to PTTMD's first affirmative defense of accord and satisfaction because PTTMD cannot demonstrate performance of the alleged accord. The motion is **DENIED** with respect to PTTMD's remaining affirmative defenses, estoppel and unclean hands, as they are sufficient on the face of the pleadings and present questions of fact.

**SO ORDERED** this 16th day October 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.